**NOT FOR PUBLICATION**

DEC 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10201 |
| Plaintiff - Appellee, | D.C. No. CR-05-00306-LJO |
| v. | |
| KIMBERLY WILLIAMS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Presiding

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Kimberly Williams appeals from the district court's order denying her

motion to dismiss her citation for misappropriation of property, in violation of

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

EF/Research

36 C.F.R. § 2.30(A)(3), or in the alternative, to suppress the statements she made to National Park Service Rangers during her detention. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Williams contends that the district court erred by declining to suppress her confession and dismiss her citation because the 28-hour delay between her arrest and arraignment violated Federal Rule of Criminal Procedure 5(a), as construed by *McNabb v. United States*, 318 U.S. 332 (1943), and *Mallory v. United States*, 354 U.S. 449 (1957). This contention lacks merit because Williams confessed within six hours of arrest, and there is no indication in the record that the confession was made involuntarily. *See* 18 U.S.C. § 3501(c); *see also Corley v. United States*, 129 S. Ct. 1558, 1571 (2009).

Williams also contends that the pre-arraignment delay violated her Fourth Amendment rights. We reject this contention because Williams has failed to rebut the presumption that the delay was constitutional. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991); *see also Kanekoa v. City & County of Honolulu*, 879 F.2d 607, 611-12 (9th Cir. 1989).

**AFFIRMED.**